[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-13843
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 2, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00138-CV-3-MHT-TFM

ALONZO AUSTIN, Executor for
the estate of Ruth H. Lewis,

Plaintiff-Appellant,

versus

MODERN WOODMAN OF AMERICA,
ALFONZA MENEFEE, Probate Judge, in his
individual and official capacities,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(May 2, 2008)**

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Alonzo Austin, an individual proceeding pro se on behalf of his cousin's estate, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint against various defendants.[1]  As executor of his cousin's estate, Austin asserts that various individuals and entities–among them, an Alabama probate court judge, several attorneys, the state medical licensing board, and several banks–violated his cousin's Fourteenth Amendment rights in connection with her guardianship and housing and, ultimately, the distribution of her property upon her death in 1994.

On appeal, Austin argues that the district court erred by not construing the defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) as motions for summary judgment pursuant to Rule 56(e).  He asserts this error caused him harm because had the district court decided the case under the summary judgment standard, two of the defendants, Judges Menefee and Bryan, would have been required to "prove absolute or qualified immunity."  Austin also finds error in the district court's failure to consider his motion for summary judgment; he asserts that the court should have taken his allegations as true and that there was a disputed genuine issue of material fact at the Rule 12(b)(6) stage. Additionally, on appeal, Austin appears to argue the merits of the underlying probate proceedings out of which this § 1983 action arose.

---

[1] The several motions by several appellees to adopt other appellee briefs are granted.

We review de novo an order granting motions to dismiss. Wagner v. First Horizon Pharmaceutical Corp., 464 F.3d 1273, 1276-77 (11th Cir. 2006). In reviewing a district court's grant of a motion to dismiss, the allegations in the complaint "must be taken as true and read in the light most favorable to the plaintiffs." Linder v. Portocarrero, 963 F.2d 332, 334 (11th Cir. 1992).

"A court is generally limited to reviewing what is within the four corners of the complaint on a motion to dismiss." Bickley v. Caremark RX, Inc., 461 F.3d 1325, 1329 n.7 (11th Cir. 2006). Under Federal Rule of Civil Procedure 12(d), "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d) (2008). "Whenever a judge considers matters outside the pleadings in a 12(b)(6) motion, that motion is thereby converted into a Rule 56 Summary Judgment motion." Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1267 (11th Cir. 2002).

After careful review, we discern no reversible error. Although the parties' motions had affidavits, the record demonstrates that the district court did not consider matters outside the pleadings. The magistrate's report and recommendation, which was adopted by the district court, only considered the "face of Austin's complaint" when issuing its recommendation. The district court

3

therefore did not err when it failed to treat the defendants' motions to dismiss as motions for summary judgment.  See Bickley, 461 F.3d at 1329 n.7; Trustmark Ins. Co., 299 F.3d at 1267.  Because this is the only issue raised on appeal,[2] and Austin has abandoned all other issues, the district court's order dismissing Austin's claims against the defendants is

AFFIRMED.[3]

---

[2] We observe that the district court dismissed Appellant's complaint on grounds of, inter alia, absolute judicial immunity, state sovereign immunity, and for want of a state actor. Appellant has not challenged the substance of this ruling.  Issues not raised on appeal are deemed waived.  See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).  Even were we able to construe Appellant's brief to present such a challenge, we find no reversible error.

[3] Two of the defendants, Regions Bank and Wachovia Bank, move this Court for sanctions pursuant to Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1912.  The motion is denied.  There is no indication in the record that Appellant's inartful complaint (and appeal) was made for purposes of harassment or delay.  Nor is there any indication that Appellant has been litigious, or has filed multiple frivolous actions.